KAPLAN *v.* MARTIN.

4-6564                                        157 S. W. 2d 763

Opinion delivered January 19, 1942.

592

*James O. Ward* and *O. T. Ward,* for appellant.

*Philip McNemer,* for appellee.

HUMPHREYS, J.   This suit was brought by appellant in ejectment on September 3, 1940, against appellees in the circuit court of Pulaski county, Second Division, to recover possession of the west one-third of the east 100 feet of lots 1, 2, and 3 of block 30, Wright's Addition to Little Rock, alleging ownership thereof by purchase from M. Schúman on the 14th day of February, 1940, who obtained a tax forfeiture deed from the state of Arkansas therefor on the 5th day of January, 1940, and a deed from the owner, of date July 9, 1940, for the property when same forfeited to the state for the·nonpayment of the taxes for the year 1936.   Copies of the alleged muniments of title were attached to the complaint and made a part thereof.

An answer was filed by appellee with accompanying motion to transfer the cause to the chancery court denying that appellant was the owner of the land and alleging ownership thereof in himself.

The court sustained the motion to transfer the cause to the chancery court over appellant's objection and exception and denied a motion in the chancery court

after the transfer to remand the cause to the circuit court over appellant's objections and exception.

We deem it unnecessary to discuss appellant's exceptions to the transfer of the cause from the circuit court to the chancery court or the refusal of the chancery court to remand the cause back to the circuit court as counsel for appellant, on page 30 of their brief, say: "We earnestly submit, that if the trial court had done its duty, under the well known principles of the law of our land, it would have dismissed their answer and cross-complaint, and re-transferred the case to the circuit court. In as much as the case has been completely developed, and all of the facts before this court, we insist that there is no need to remand the case with directions to re-transfer to the circuit court, but that it is the duty of this court to dismiss the answer and cross-complaint, and make proper order for payment of costs and possession of the property."

The facts developed in the trial of the case, as revealed by the record, are in substance as follows:

Iola T. McDonald was the former owner of the west one-third of the east 100 feet of lots 1, 2, and 3 of block 30, Wright's Addition to Little Rock; the land had forfeited for nonpayment of the taxes for the year 1932 and had been certified to the state; on March 2, 1936, Iola T. McDonald, through her attorney, John A. Hibbler, entered into a contract to sell said property to the appellee, G. H. Martin, for $200, of which $5 was paid and the receipt therefor issued to him reciting that the $5 was earnest money; that the first payment was to be $25 cash and the balance of the purchase money should be paid in monthly installments of $10, and that he, G. H. Martin, would pay the delinquent or back taxes. As stated above the land had been forfeited to the state prior to the contract. At the time of the contract G. H. Martin was furnished an abstract of title to the property which he has retained, and immediately after the contract was made moved onto the property and has continuously occupied same since his purchase.

On April 9, 1936, G. H. Martin redeemed the land from the state by paying it the sum of $92.12, which was all the back taxes against the property at that time. G. H. Martin testified that he agreed to pay Iola T. McDonald $200 for the property and that he still owed her $195 plus interest. He explained that he had been unable to pay the balance on account of having a large family to support. He paid no further taxes on the property and same was again forfeited to the state for the nonpayment of the taxes for the year 1936 and remained tax forfeited land until January 5, 1940, at which time M. Schuman purchased same from the state. The record reflects, by agreement of the parties as well as the proof introduced, that both the deed from the state to G. H. Martin and the deed from the state to M. Schuman were based upon void forfeitures for the reason that the county quorum court levied upon said property a one-third mill tax for police pensions in addition to a levy for general city purposes. Schuman paid the State of Arkansas, at the time he purchased and obtained his deed, $63.79. Appellant took a quitclaim deed from M. Schuman to the property on February 14, 1940, and Schuman testified that the consideration for the deed was an exchange of other property. Appellant then purchased the property from Iola T. McDonald on July 9, 1940, for a consideration of $60.

As both deeds from the state were based upon void tax forfeitures, and as appellant obtained no better title than Schuman had, the case resolves itself into a contest between appellant, under his deed of date July 9, 1940, from Iola T. McDonald to him, and appellee, who purchased the property under contract from Iola T. McDonald under date of March 2, 1936, and went into possession thereof and has continuously remained in possession thereof since the date of his purchase. Under the contract of purchase he paid $5 down and still owes Iola T. McDonald $195, plus interest. The court upheld this executory contract on the ground that appellee, G. H. Martin, was a purchaser in good faith, having paid part of the consideration, and was in possession thereof under his contract and owed Iola T. McDonald thereon, includ-

ing interest, $266.10; that the purchase of the property by the appellant from Iola T. McDonald was subject to this outstanding executory contract and that appellee, G. H. Martin, had a right to redeem the land by paying appellant the amount he had expended in procuring his tax deed from the state and by paying appellant the amount due from appellee to Iola T. McDonald. Schuman, the grantor of appellant, and appellant also had actual knowledge of the existence of this outstanding contract at the time Iola T. McDonald conveyed the property to appellant. Appellant's contention throughout has been that appellee, G. H. Martin, forfeited his rights under the executory contract of purchase and sale and now contends that the court should have decreed him the possession of the land under his deed from Iola T. McDonald. We think, after a careful reading and consideration of all the testimony, that this ruling of the court is not contrary to the weight of the evidence and that he correctly found that appellee, G. H. Martin, was a mortgagor in possession with the right to pay off the balance of the purchase money with the interest thereon and the amount of taxes and interest thereon which appellant had expended in procuring his tax forfeiture deed. Appellee has offered to pay the indebtedness under his contract, together with the amount appellant paid for his tax deed, but appellant refused to accept this offer and still does so. As we read the decree, the court in the last analysis vested the title to the property in appellee, G. H. Martin, subject to the payment of the balance of the purchase money and the taxes expended by appellant. Appellant has consistently refused to permit appellee, G. H. Martin, to redeem the land. Notwithstanding appellant's refusal to accept the amount necessary to redeem the land the court then declared a lien upon the land for the amount necessary to redeem same. The decree of the court, therefore, is in all things affirmed, but since the title to real estate and a lien thereon are involved we are remanding the cause with direction to the court to permit the appellee to pay the amount necessary to redeem the land into the court and

on his payment thereof within thirty days to satisfy the lien which has been declared upon the land by the court.